UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALORIE SLADE,

        Plaintiff,                              Civil Action No. 17-12684

v.                                            Honorable David M. Lawson
                                                 Magistrate Judge David R. Grand

COMMIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECCOMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [14, 29]**

Plaintiff Valorie Slade ("Slade") brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions (Docs. #14, 29), which have been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.    RECOMMENDATION**

For the reasons set forth below, the Court finds that the Administrative Law Judge's ("ALJ") conclusion that Slade is not disabled under the Act is not supported by substantial evidence. Thus, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment (**Doc. #29**) be **DENIED**, Slade's Motion for Summary Judgment (**Doc. #14**) be **GRANTED IN PART** to the extent it seeks remand and **DENIED IN PART** to the extent it seeks an award of benefits, and that, pursuant to sentence four of 42 U.S.C. § 405(g), this case be **REMANDED** to the ALJ for further proceedings consistent with this Report and Recommendation.

## II. REPORT

### A. Background

Slade was 49 years old at the time of her alleged onset date of January 5, 2013, and at 5'7" tall weighed approximately 230 pounds during the relevant time period. (Tr. 39, 41-42, 203). She completed high school and had some college education, as well as nursing training, and has prior work history as a Licensed Practical Nurse. (Tr. 42). She now alleges disability primarily as a result of diabetes, shoulder and back pain, obesity, anxiety, depression, and a history of cervical and thyroid cancer. (Tr. 40-41, 46-51).

After Slade's applications for DIB and SSI were denied at the initial level on December 1, 2014 (Tr. 100-04, 111-14), she timely requested an administrative hearing, which was held on April 20, 2016, before ALJ Martha Gasparovich (Tr. 36-62). Slade, who was represented by attorney Susan Salas, testified at the hearing, as did vocational expert Annette Holder. (*Id.*). On March 24, 2016, the ALJ issued a written decision finding that Slade is not disabled under the Act. (Tr. 12-27). On June 20, 2017, the Appeals Council denied review. (Tr. 1-5). Slade timely filed for judicial review of the final decision on August 15, 2017. (Doc. #1).

The Court has thoroughly reviewed the transcript in this matter, including Slade's medical record, Function and Disability Reports, and testimony as to her conditions and resulting limitations. Instead of summarizing that information here, the Court will make references and provide citations to the transcript as necessary in its discussion of the parties' arguments.

### B. The ALJ's Application of the Disability Framework Analysis

Under the Act, DIB and SSI are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner's regulations provide that a disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. § 404.1520); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps …. If the analysis reaches the fifth step without a finding that claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Following this five-step sequential analysis, the ALJ found that Slade is not disabled under the Act. At Step One, the ALJ found that Slade has not engaged in substantial gainful activity since January 5, 2013 (the alleged onset date). (Tr. 14). At Step Two, the ALJ found that she has the severe impairments of diabetes mellitus type II, neuropathy, left foot ganglion

cyst, degenerative joint disease of the right shoulder, degenerative disc disease of the cervical spine, obesity, depression, and anxiety. (Tr. 14-15). At Step Three, the ALJ found that Slade's impairments, whether considered alone or in combination, do not meet or medically equal a listed impairment. (Tr. 15).

The ALJ then assessed Slade's residual functional capacity ("RFC"), concluding that she is capable of performing light work, with the following limitations: able to stand or walk two hours in an eight-hour day; sitting is unlimited but there is a need for a sit/stand option at least every 30 minutes; can lift no more than 20 pounds occasionally and 10 pounds frequently; can only stoop, squat, climb, balance, crouch, crawl, or kneel occasionally; limited to a low-stress environment, defined as no quick decision making and no quick judgment required on the job; no interaction with the public and only occasional interaction with coworkers and supervisors; and unable to perform jobs that are fast-paced, high-production or require frequent changes in task expectations or locations. (Tr. 18).

At Step Four, the ALJ found that Slade is not capable of performing her past relevant work. (Tr. 25). At Step Five, the ALJ concluded, based in part on testimony provided by the vocational expert ("VE"), that Slade is capable of performing the jobs of bench assembler (125,000 jobs in the national economy), sorter (84, 000 jobs), and packer (75,000 jobs). (Tr. 26). As a result, the ALJ concluded that Slade is not disabled under the Act. (*Id.*).

### C. Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact

unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

When reviewing the Commissioner's factual findings, the court is limited to an examination of the record and must consider the record as a whole. *See Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ. *Heston*, 245 F.3d at 535; *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ or this court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

### D. Analysis

As set forth above, the ALJ concluded that Slade retains the RFC to perform light work,

with the following additional relevant limitations: the ability to lift no more than 20 pounds occasionally and 10 pounds frequently, and the ability to stand or walk only two hours in an eight-hour day. (Tr. 18). In her motion for summary judgment, Slade argues that this RFC – which limits her to only two hours of standing or walking during an eight-hour workday – is "internally inconsistent and, in fact, does not represent a light work RFC under Agency policy." (Doc. #14 at 6). Slade further argues that this error is particularly problematic because, if she was limited to sedentary work, she would be found disabled under the Medical-Vocational Guidelines (the "Grids").[1] (*Id.* at 8). For the reasons set forth below, the Court finds merit to Slade's argument.

The applicable regulations define light work and sedentary work as follows:

> … Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
>
> … Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(a), 404.1567(b), 416.967(a), 416.967(b). Further, as explained in greater

---

[1] The Grids consider four factors relevant to a particular claimant's employability: (1) RFC, (2) age, (3) education, and (4) work experience. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2. Social Security regulations provide that "[w]here the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." *Id.* § 200.00.

6

detail in a policy statement issued by the Social Security Administration:

> "Occasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday. Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles.
>
> \* \* \*
>
> "Frequent" means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. The lifting requirement for the majority of light jobs can be accomplished with occasional, rather than frequent, stooping. Many unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk. They require use of arms and hands to grasp and to hold and turn objects, and they generally do not require use of the fingers for fine activities to the extent required in much sedentary work.

Soc. Sec. Rul. ("SSR") 83-10, 1983 WL 31251, at *5-6 (Jan. 1, 1983).

In this case, the ALJ assessed Slade with the RFC to perform light work with certain limitations, including the ability to lift no more than 20 pounds occasionally and 10 pounds frequently, but with the ability to stand or walk for only two hours in an eight-hour day. (Tr. 18). Slade now argues that:

> … an RFC that limits a claimant to approximately 2 hours of standing and walking in an 8-hour workday is an RFC for sedentary, not light work because, under Agency policy, frequent lifting and carrying, which light work by definition requires, requires frequent standing and walking, and frequent is defined as 1/3 to 2/3 of the workday, which is more than two hours. To say that Ms. Slade can lift and carry 10 pounds *frequently* (the definition of light work), while standing and walking for 2 hours in an 8 hour work day is both internally inconsistent and a direct contradiction of Agency policy.

(Doc. #14 at 6-7) (internal citations and footnotes omitted) (emphasis in original).

7

As explained in *Ford v. Colvin*, 2015 WL 4608136, at *7 (D. Del. July 31, 2015), agency policy provides guidance for applying the Grids when a claimant's RFC falls somewhere between two exertional levels (as Slade asserts it does here). *Id.* (citing SSR 83-12, 1983 WL 31253, at *1 (Jan. 1, 1983)). Specifically, if a claimant's RFC falls between two levels for which the Grids direct the same finding, the ALJ should apply the finding as directed. *Id.* (citing SSR 83-12, 1983 WL 31253, at *2). If a claimant's RFC falls between two levels for which the Grids direct opposite findings, the ALJ must consider whether the claimant is *slightly* or *significantly* reduced in his or her ability to perform at the higher exertional level. *Id.*; *see also* Program Operations Manual System ("POMS") DI 25025.015. If the claimant's ability is slightly reduced, the ALJ should apply the higher exertional level and find the claimant not disabled. *Id.* (citing POMS DI 25025.015). If the claimant's ability is significantly reduced, the ALJ should apply the lower exertional level and find the claimant disabled. *Id.* In situations where the claimant's ability is somewhere "in the middle," agency policy advises using a vocational expert. *Id.* (citing SSR 83-12, 1983 WL 31253, at *3).

In this case, the Commissioner argues that the ALJ implicitly found that Slade's RFC fell somewhere "in the middle" between a light and sedentary RFC and then properly proceeded to solicit testimony from the VE in response to hypothetical questions. (Doc. #29 at 8-9). The VE testified that a hypothetical individual with Slade's impairments could not perform Slade's past relevant work, but could perform other "light" jobs, including those of bench assembler, sorter, and packer. (*Id.*). Relying in part on the VE's testimony, the ALJ then concluded that Slade is not disabled because she can perform a significant number of jobs that exist in the national economy. (Tr. 26). The Commissioner urges the Court to find no error in the ALJ's analysis.

8

In evaluating the parties' arguments, the Court finds instructive the recent decision in *Wilkerson v. Comm'r of Soc. Sec.*, 278 F. Supp. 3d 956 (E.D. Mich. Sept. 28, 2017). In that case, which is directly on point, the ALJ also found, in pertinent part, that the plaintiff retained the RFC to stand and walk for approximately 2 hours and sit for 6 hours in an 8-hour day, but characterized this as a "light work" RFC. *Id.* at 959. Magistrate Judge Stephanie Dawkins Davis recommended remand, finding two problems with the ALJ's analysis related to the RFC:

> First, the ALJ's analysis assumes that plaintiff's RFC falls somewhere "in the middle" of a sedentary RFC and a light RFC. Yet, the two most significant defining characteristics of these two categories of work are (1) the amount and duration a claimant can lift/carry in an 8 hour work day; and (2) the amount of time in an 8 hour work day that a claimant can stand and walk. Sedentary work involves lifting/carrying no more than 10 pounds, occasionally, meaning up to 1/3 of the work day; in other words, someone with a sedentary classification may be on their feet up to 2.67 hours per day, and may not lift or carry more than 10 pounds in that time limit. Light work involves lifting no more than 20 pounds at a time with frequent (1/3 to 2/3 of an 8 hour work day) lifting or carrying [] objects weighing up to 10 pounds. Thus, someone who can perform light work must be able to lift and carry 10 pounds for 2.67-5.33 hours per day. By logical extension, light work requires a person to be on their feet for 2.67-5.33 hours in a day, while lifting and carrying up to 10 pounds in that time. *See* SSR 83-10, \*5 ("lifting or carrying requires being on one's feet."). Yet here, the ALJ found that plaintiff could only walk/stand for up to 2 hours per day. Thus, not only is plaintiff unable to perform the minimum walking/standing requirement for light work, she also cannot meet the minimum lifting and carrying requirements for light work. Secondly, in the view of the undersigned, it is not clear that the ALJ considered this limitation before apparently determining that plaintiff's RFC fell "in the middle" of sedentary and light. *See e.g.*, *Ford v. Colvin*, 2015 WL 4608136, \*8 (D. Del. 2015) (Remand required where ALJ offered no explanation as to why the "plaintiff cannot do either of the two things at the heart of light work [walking/standing and lifting/carrying] and still be classified as capable of performing it."); *McClure v. Comm'r of Soc. Sec.*, 2016 WL 4628049, \*7 (S.D. Cal. 2016) (ALJ's conclusion that the plaintiff could only stand/walk two hours per day put her closer to

sedentary work than light work and thus, her exertional limitations did not fall "somewhere in the middle."). *Id.* at 970.[2]

Here, as in *Wilkerson*, the Commissioner argues that the ALJ properly consulted a VE because Slade's exertional limitations fell somewhere "in the middle" of light and sedentary work. (Doc. #29 at 8-9). As in *Wilkerson*, however, the ALJ made no such determination. Indeed, while the ALJ discussed the various medical opinions of record, she provided no insight as to how she used these opinions to formulate Slade's RFC. For example, the ALJ noted that the consultative examiner, Shalini Gupta, M.D., opined that Slade could carry, push, and pull up to 15 pounds, but despite the fact that portions of Dr. Gupta's opinion are consistent with the ALJ's RFC finding, the ALJ gave this opinion "little weight" without any relevant explanation. (Tr. 21 (citing Tr. 384)). Similarly, the ALJ considered the medical source statement of Slade's treating physician, Priti Bhardwaj, M.D., giving "little weight" to Dr. Bhardwaj's opinion that Slade can lift and carry no weight, but making no mention whatsoever of Dr. Bhardwaj's opinion that Slade can stand/walk less than two hours in an eight-hour day. (Tr. 23-24, 391). Thus, it is unclear from the ALJ's evaluation of the medical evidence how she determined that Slade can stand or walk for two hours in an eight-hour day, and if she considered whether this limitation should have resulted in a concomitant limitation in the lifting/carrying required by light work.[3] As a result, the Court cannot find that the ALJ actually determined that Slade's RFC is "in the middle" of sedentary and light work, as the Commissioner asserts is the case.

---

[2] Neither party filed objections to this recommendation, which the Honorable Marianne O. Battani adopted, noting she "fully concurs in the thorough analysis of the Magistrate Judge." *Id.* at 957.

[3] The Court notes that when the ALJ changed her hypothetical to a two- (as opposed to four-) hour standing/walking limitation at the hearing, the VE stated that "[t]he individual would be limited to sedentary work …." (Tr. 59).

In the absence of such consideration, the ALJ's decision "'fails to provide an accurate and logical bridge between the evidence and the result.'" *Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 829 (E.D. Mich. 2017) (quoting *Pollacia v. Comm'r of Soc. Sec.*, 2011 WL 281044, at *6 (E.D. Mich. Jan. 6, 2011)). Indeed, similar errors have been analyzed by a number of courts around the country and, most often, remand is required. *See, e.g., Campbell v. Astrue*, 2010 WL 4689521, at *5 (E.D. Pa. Nov. 2, 2010) (remanding due to an "inherent contradiction" between the ALJ's finding that the plaintiff could frequently lift or carry 10 pounds and his finding that the plaintiff was limited to 1-2 hours of standing/walking in an 8-hour day); *Ferdin v. Comm'r of Soc. Sec.*, 2015 WL 7767980, at *11 (W.D. Tex. July 30, 2015) (concluding that the ALJ's RFC assessment – which provided that the plaintiff could perform a range of light work, but was limited to 2 hours of standing or walking in an 8-hour workday – contained "inherent contradictions and incongruities," requiring remand); *Bisceglia v. Colvin*, 2016 WL 1248860, at *7-8 (E.D. Va. Mar. 25, 2016) (remanding where ALJ assessed a light work RFC but limited claimant to 2 hours of standing/walking); *Saeed v. Berryhill*, 2018 WL 1243953, at *11 (D. Mass. Mar. 9, 2018) (recognizing the "potential inconsistency" between an RFC incorporating a two-hour standing/walking limitation but otherwise finding the capacity to perform light work and remanding where such a contradiction "may be outcome dispositive given [the claimant's] age").[4]

---

[4] In the face of all of this case law, the Commissioner cites the Sixth Circuit's decision in *Blankenship v. Comm'r of Soc. Sec.*, 624 F. App'x 419, 429 (6th Cir. 2015). In that case, the ALJ also limited the claimant to light work with just two hours of standing/walking. The ALJ presented these limitations to the VE, who identified jobs consistent with both the lifting and standing/walking limitations. The court acknowledged that "[g]enerally speaking, … one's ability to carry is fundamentally related to one's ability to stand and walk," but went on to explain that, nevertheless, the ALJ's hypothetical question "fully accounted for the fact that Blankenship's foot ailments precluded her from performing a *full range* of light work." *Id.* (emphasis added). As Slade points out, however, *Blankenship* is unpublished and therefore not

11

To summarize, then, light work requires "frequent lifting and carrying." 20 C.F.R. §§ 404.1567(b), 416.967(b). Agency policy specifically explains that frequent lifting and carrying means "being on one's feet for up to two-thirds of the workday," and that a "good deal of standing or walking" is "the primary difference between sedentary and most light jobs."[5] SSR 83-10, 1983 WL 31251, at *5-6. As in *Wilkerson*, despite these principles, "the ALJ does not appear to have considered how the limitation to standing/walking two hours per day necessarily mandates an accompanying limitation in the lifting/carrying required by light work, and whether this means that [Slade's] RFC is not actually 'in the middle' of sedentary and light work." *Wilkerson*, 278 F. Supp. 3d at 974. In the absence of such consideration, the ALJ's conclusions fails to provide an accurate and logical bridge between the evidence and the result, and – because this issue is potentially outcome determinative – remand is appropriate so that the ALJ can more properly explain the basis for her decision that Slade's RFC falls within the light work category.[6] *See Franklin v. Berryhill*, 2017 WL 2080196, at *10 (M.D. Pa. May 15, 2017) ("Despite the

---

binding on this Court. Moreover, unlike in this case, where Slade has demonstrated the inherent inconsistency in the ALJ's RFC finding, supported by citations to relevant case law, the plaintiff in *Blankenship* cited no legal authority in support of that argument.

[5] In the "relatively few" cases in which a seated job is classified as "light," it is because it involves "pushing and pulling of arm-hand or leg-foot controls which require greater exertion than sedentary work." SSR 83-10, 1983 WL 31251, at *5. Here, though, there is no dispute that the three jobs identified by the VE in this case are not jobs involving pushing and pulling of arm-hand or leg-foot controls. (Tr. 26, 59-60).

[6] As did the *Saeed* court, this Court stresses that it is not suggesting "that a two-hour standing/walking limitation necessitates a RFC of sedentary work, or that the mere inconsistency between such a standing/walking limitation and a lift/carry capacity requires a remand." *Saeed*, 2018 WL 1243953, at *11; *cf.* Doc. #14 at 8 ("It is simply an absolute given that under Agency policy a 2-hour stand/walk limitation requires application of a sedentary grid rule at step 5."). Rather, for the reasons set forth above, the Court simply finds that under the facts of this case, including the types of jobs the VE identified for someone with the RFC in question, *see supra* at n. 5, the ALJ's decision fails to sufficiently address the inconsistency identified by Slade, and that "remand is the better course to ensure that there is substantial evidence concerning [Slade's] exertional level, which may be outcome dispositive given her age." *Saeed*, 2018 WL 1243953, at *11.

conclusion that neither the POMS nor SSR 83-12 require remand or reversal as a matter of law, the Court finds the ALJ's RFC determination problematic: without any discussion of the assignment of the light exertional capacity in spite of the reductions discussed above, the Court cannot conclude that the outcome determinative designation is supported by substantial evidence.").

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment (**Doc. #29**) be **DENIED**, Slade's Motion for Summary Judgment (**Doc. #14**) be **GRANTED IN PART** to the extent it seeks remand and **DENIED IN PART** to the extent it seeks an award of benefits, and that, pursuant to sentence four of 42 U.S.C. § 405(g), this case be **REMANDED** to the ALJ for further proceedings consistent with this Report and Recommendation.

Dated: July 6, 2018                   s/David R. Grand
Ann Arbor, Michigan              DAVID R. GRAND
                                              United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 6, 2018.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager